UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREMAYNE CARROLL, CDCR #H-73384,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>C/O TOELE, et al.,<br><br>　　　　　　Defendants. | Case No.: 3:20-cv-00079-BAS-RBM<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION AND APPOINTMENT OF COUNSEL**<br><br>[ECF No. 10] |

　　　　Plaintiff Tremayne Carroll, a prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983, has filed a "Petition for Reconsideration and Appointment of Counsel" in response to the Court's June 25, 2020 Order. (*See* "Pl.'s Mot.," ECF No. 10.) Plaintiff asks the Court to appoint counsel due to the COVID-19 pandemic, and because he is an "indigent hearing/mobility/visual impaired inmate/patient in CDCR Mental Health Delivery System at EOP Level of Care." (*Id.* at 1.) Plaintiff also seeks reconsideration of the Court's June 25, 2020 initial screening Order, arguing that C/O Toele, and other prison officials "had an obligation to locate equipment," and therefore "knew or should[']ve known" that handcuffs "were not returned." (*Id.* at 2.) Because there is no right to counsel in a civil case, no extraordinary circumstances justify referral to pro bono counsel, and Plaintiff fails to offer any valid basis for reconsideration of any portion of the Court's June 25, 2020 Order, his Motion is **DENIED**.

I. **Motion for Appointment of Counsel**

First, Plaintiff claims his physical and mental disabilities "and [the] COVID-19 pandemic" warrant appointment of counsel in his case. (*See* Pl.'s Mot. at 1.)

There is no constitutional right to counsel in a civil case. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Lassiter v. Dept. of Social Servs.*, 452 U.S. 18, 25 (1981). And while 28 U.S.C. § 1915(e)(1) grants the district court limited discretion to "request" that an attorney represent an indigent civil litigant, *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004), this discretion may be exercised only under "exceptional circumstances." *Id.*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires the Court "to consider whether there is a 'likelihood of success on the merits' and whether 'the prisoner is unable to articulate his claims in light of the complexity of the legal issues involved.'" *Harrington v. Scribner*, 785 F.3d 1299, 1309 (9th Cir. 2015) (quoting *Palmer*, 560 F.3d at 970).

As the case stands, Plaintiff has yet to demonstrate either a likelihood of success on the merits of his claims or that their legal complexity warrants referral to potential pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1). *See Terrell*, 935 F.3d at 1017; *Palmer*, 560 F.3d at 970. For the reasons discussed fully in its June 25, 2020 initial screening Order, the Court has determined that Count 2 of Plaintiff's Complaint sufficiently states both Eighth and First Amendment claims for relief against Defendants Maygar, Sanchez, Rucker, Meza, Buenrostro, Hampton, Owens, Rocha and Navarro. (*See* ECF No. 8 at 15–17, 19–20.) And while the Court found Counts 1 and 3 do not sufficiently plead any other viable causes of action, (*id.* at 14–15, 18–19), Plaintiff has been notified of those deficiencies, and granted leave to amend them should he so choose. (*Id.* at 21–22.) Nothing in Plaintiff's current Motion or in his Complaint indicates that his disabilities or any current condition of confinement, COVID-19 notwithstanding, renders him incapable of articulating the factual bases for his purported claims—none of which are complex. *Harrington*, 785 F.3d at 1309; *see also Norwood v. Hubbard*, No. CV10700889SMM, 2009 WL 1287298, at *5 (E.D. Cal. May 7, 2009) (finding no exceptional circumstances

warranted appointment of counsel where prisoner's "assertion of mental health problems" were vague and he appeared to have adequately prepared other filings in his case). Moreover, Plaintiff's suit is only in its initial pleading stages; time has yet to tell whether he is likely to succeed on the merits of any claim. *Id.*; *see also Garcia v. Smith*, No. 10CV1187 AJB RBB, 2012 WL 2499003, at *3 (S.D. Cal. June 27, 2012) (denying appointment of counsel where prisoner's complaint survived defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), but it was "too early to determine" whether his adequately pleaded claims were likely to succeed on the merits, or even survive summary judgment).

## II.     Reconsideration of Screening Order

Second, Plaintiff seeks reconsideration of the Court's June 25, 2020 Order, insisting that C/O Toele, who he alleges "left him handcuffed in [a] cell . . . from the morning of 11/27/2019 – evening of 11/29/19," (*see* Compl., ECF No. 1 at 3), "knew or should[']ve known the injury/hardship [he] was under." (*See* Pl.'s Mot. at 2.)  Based on these arguments, the Court assumes Plaintiff is objecting to the dismissal of the Eighth Amendment cruel and unusual punishment claims involving C/O Toele in Count 1 of his Complaint. (*See* Compl. at 2–3.)  The Court found this claim lacking because Plaintiff failed to allege facts sufficient to show Toele "knew and consciously disregarded" any excessive risk to Plaintiff's health or safety when he cuffed him and placed him in a cell on 11/27/19. (*See* ECF No. 8 at 14–15 (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).)

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration. But where reconsideration of a non-final order is sought, the court has "inherent jurisdiction to modify, alter or revoke it." *United States v. Martin*, 226 F.3d 1042, 1048-49 (9th Cir. 2000).  "The authority of district courts to reconsider their own orders before they become final, absent some applicable rule or statute to the contrary, allows them to correct not only simple mistakes, but also decisions based on shifting precedent, rather than waiting for the time-consuming, costly process of appeal." *Id.* at

3

3:20-cv-00079-BAS-RBM

1049. Thus, this district's Civil Local Rule 7.1(i) permits motions for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge . . . has been refused in whole or in part." S.D. Cal. Civ. LR 7.1(i). However, the party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.* Local Rule 7.1(i)(2) permits motions for re consideration within "30 days of the entry of the ruling."

A motion for reconsideration filed pursuant to a Local Rule may also be construed as a motion to alter or amend judgment under Rule 59(e). *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989). But a district court may grant a Rule 59(e) motion only if it "'is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (citations omitted). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "A motion to reconsider is not another opportunity for the losing party to make its strongest case, reassert arguments, or revamp previously unmeritorious arguments." *Reeder v. Knapik*, No. 07-cv-362-L(LSP), 2007 WL 2088402, at *2 (S.D. Cal. July 18, 2007); *see also Campion v. Old Republic Home Protection Co., Inc.*, No. 9-cv-748-JMA(NLS), 2011 WL 1935967, at *2 (S.D. Cal. May 20, 2011) ("[R]econsideration may not be used to get a second bite at the apple.").

Here, reconsideration of the sua sponte dismissal of Plaintiff's claims against C/O Toele is not warranted because Plaintiff offers no new or different facts, points to no newly discovered evidence, identifies no clear error, and cites to no intervening change in Eighth Amendment law that alters the Court's initial conclusion that he has failed to sufficiently plead a plausible claim for relief against C/O Toele. Should Plaintiff wish to amend this claim to allege additional facts not previously included in his Complaint, he has already been granted leave to do so in an Amended Complaint. (*See* ECF No. 8 at 19, 22.)

/ / /

### III. Conclusion and Order

For the reasons explained, the Court **DENIES** both Plaintiff's Motion for Reconsideration and his Motion for Appointment of Counsel (ECF No. 10).

Plaintiff is reminded, however, that should he chose to amend his Complaint, he must do so according to the instructions provided in the Court's June 25, 2020 Order (ECF No. 8) on or before **August 10, 2020**. Should he elect <u>not</u> to amend, he must likewise notify the Court **in writing** on or before **August 10, 2020** that he wishes to proceed only with his Eighth and First Amendment claims against Defendants Sanchez, Rucker, Maygar, Meza, Buenrostro, Hampton, Owens, Rocha, and Navarro as alleged in Count 2 of his original Complaint. Should he choose the latter option, the Court will direct the United States Marshal to effect service accordingly. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

**IT IS SO ORDERED.**

**DATED: July 24, 2020**

Hon. Cynthia Bashant
United States District Judge