UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREMAYNE CARROLL, CDCR #H-73384,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>C/O TOELE, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:20-cv-00079-BAS-RBM<br><br>**ORDER OVERRULING OBJECTION TO ORDER DENYING RECONSIDERATION AND GRANTING PLAINTIFF'S REQUEST FOR LEAVE AND EXTENSION OF TIME TO FILE SECOND AMENDED COMPLAINT PURSUANT TO**<br>Fed. R. Civ. P. 15(a)(2)<br>**[ECF No. 16]** |

Currently before the Court is Plaintiff Tremayne Carroll's "Objection to Order Denying Reconsideration and Appointment of Counsel–Motion Requesting (180) Days Extension of Time." (*See* "Pl.'s Obj.," ECF No. 16.) Plaintiff objects to the Court's July 24, 2020 Order denying his previous motion for reconsideration of the Court's June 25, 2020 initial screening and sua sponte dismissal of his claims against Defendant Toele, requests a 180-day extension of time in which to amend them due to the COVid-19 pandemic, and asks to "delete" a letter he previously addressed to the Court and Clerk of Court. (*Id.* at 1.) Because Plaintiff's objection is not authorized by statute, Federal Rule of Civil Procedure, or Local Rule, it is **OVERRULED**. However, in light of the procedural

posture of the case, Plaintiff's pro se status, inter-prison transfer, limited library access and because Fed. R. Civ. P. 15 favors liberal leave to amend, the Court **GRANTS** Plaintiff 45 additional days in which to file a Second Amended Complaint, and **DIRECTS** the Clerk to strike his letter from the docket.

## I.   Procedural History

On June 25, 2020, the Court screened Plaintiff's original Complaint and dismissed his Eighth and First Amendment claims as alleged in Count 1 against Defendant Toele, a Correctional Officer at Richard J. Donovan Correctional Facility ("RJD"), sua sponte pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) and § 1915A(b)(1). (*See* ECF No. 8 at 14–15, 18–19, 22.)  On July 17, 2020 Plaintiff filed a motion seeking reconsideration of that dismissal and requesting appointment of counsel, but the Court denied both those requests on July 24, 2020. (*See* ECF No. 11.)  Plaintiff was reminded that if he chose to amend, he must include all his claims in one amended pleading, and file it no later than August 10, 2020. (*Id.* at 5.)

Just five days later, on July 29, 2020, Plaintiff filed his First Amended Complaint, together with a letter addressed to "Clerk/Court." (*See* ECF Nos. 12, 14.)  Plaintiff's letter included notice of his interim change of address from RJD to Mule Creek State Prison, as well as confidential information he now contends was "not addressed to the Court" and "should be deleted immediately" because it could place him and others at risk.[1] (*See* Pl.'s Obj., ECF No. 16 at 1–2.)

---

[1] The Court has reviewed Plaintiff's letter and finds it does not appear to be related to any of the allegations raised against any of the named Defendants in either his original or amended pleadings in this case. *See* Fed. R. Civ. P. 12(f) ("The Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."). "Immaterial matter is that which has no essential or important relationship to the claim for relief" and "[i]mpertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (internal citation omitted), *rev'd on other grounds*, 510 U.S. 517 (1994).  The Ninth Circuit has affirmed that a court's inherent power to control its own dockets includes the right to strike documents other than pleadings.  *See Lamos v. Astrue*, 275 F. App'x 617, 618 (9th Cir. 2008); *see also Smith v. Frank*, 923 F.2d 139, 142 (9th Cir. 1991); *In re Acadia Pharm. Inc. Secs. Litig.*, No. 18-CV-01647-AJB-BGS, 2020 WL 2838686, at *3 (S.D. Cal. June 1, 2020).

On August 11, 2020, and before the Court had the opportunity to screen Plaintiff's Amended Complaint, he filed an "Objection" to the Court's July 24, 2020 Order (ECF No. 16).[2] In it, Plaintiff claims to have not received the Court's Order denying his Motion for Reconsideration until August 5, 2020, *after* he had already filed his Amended Complaint, and requests an additional 180 days in which to file "an amended complaint regarding C/O Toele's violations." (*Id.* at 1.) Plaintiff bases his need for more time both on the delay of his receipt of the Court's July 24, 2020 Order, and "in light of CoVid-19 and there being no law library access" as a result of the pandemic. (*Id.*)

## II. Leave to Amend

"A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A), (B). Otherwise, a party must seek the opposing party's written consent or leave of court to amend a pleading. Fed. R. Civ. P. 15(a)(2).

Here, some of the claims in Plaintiff's original Complaint have been dismissed sua sponte and he has filed an Amended Complaint which has yet to be screened pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, or served on any party. Thus, at this stage of the

---

[2] Plaintiff has repeatedly filed "objections" in this case which are not authorized by statute, Federal Rule of Civil Procedure, or Local Civil Rule. (*See, e.g.*, ECF Nos. 7, 16.) The Court has accepted these filings despite their procedural deficiencies and has construed them liberally in light most favorable to him. *See Prof'l Programs Grp. v. Dep't of Commerce*, 29 F.3d 1349, 1353 (9th Cir. 1994) (noting district judge's broad discretion to depart from local rules "where it makes sense to do so and substantial rights are not at stake."). However, pro se litigants are still "bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). Therefore, Plaintiff is advised that the filing of objections at this stage is improper because the assigned magistrate judge has yet to issue any rulings in this case. While future post-service proceedings may be referred to Judge Montenegro pursuant to 28 U.S.C. § 636(b)(1) and S.D. Cal. CivLR 72.3, nothing in the Federal Magistrate's Act or the Federal Rules authorizes the filing of objections *except* when a magistrate judge has issued proposed findings and recommendations to the assigned district judge on a pretrial matter exempted by 28 U.S.C. § 636(a)(B)(1)(A). *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the *magistrate judge's disposition* that has been properly objected to." (emphasis added)).

proceedings "it is not clear that he requires leave of court to amend." *See e.g., Rose v. City of Reno*, No. 3:19-CV-00166-RCJ-WGC, 2020 WL 2563283, at *2 (D. Nev. Apr. 14, 2020), *report and recommendation adopted*, No. 3:19-CV-00166-RCJ-WGC, 2020 WL 2566819 (D. Nev. May 20, 2020).

Nevertheless, Plaintiff expressly seeks leave to amend, and if necessary, the Court should "freely give [it] when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15's policy favoring amendment is applied with "extreme liberality," *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citation omitted); *Hart v. Larson*, 232 F. Supp. 3d 1128, 1141 (S.D. Cal. 2017), and the court's discretion to permit it "must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities." *DCD Programs, Ltd. v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (citation omitted). Leave to amend need not be given where amendment: "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation omitted). None of those factors are yet present here.

Therefore, the Court construes Plaintiff's Objection to its Order Denying Reconsideration (ECF No. 16) as a motion for leave to amend once again, and **GRANTS** him an extension of time in which to do so. The Court will defer the initial screening that would otherwise be required of the Amended Complaint filed on July 29, 2020 pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A until Plaintiff has had this additional opportunity to amend, as any Second Amended Complaint he files will supersede that pleading in its entirety. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.,* 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original.").

### III. Conclusion and Orders

For the reasons discussed, the Court **OVERRULES** Plaintiff's Objection to its Order Denying Reconsideration (ECF No. 16), construes it as a request for leave to amend pursuant to Fed. R. Civ. P. 15(a)(2), **GRANTS** Plaintiff's request for an extension of time in which to file a Second Amended Complaint, and **DIRECTS** the Clerk of the Court to

**STRIKE** the letter previously filed as ECF No. 14 from the docket of this case.

Plaintiff is again reminded, however, that should he chose to file a Second Amended Complaint, he must do so according to the instructions provided in the Court's June 25, 2020 Order (ECF No. 8) on or before **September 28, 2020**.[3] Plaintiff's pleading must be identified as his "Second Amended Complaint," include Civil Case No. 3:20-00079-BAS-RBM in its caption, and be complete in itself without reference to his original or First Amended Complaints. See S.D. Cal. Civ. L.R. 15.1. This includes his Eighth and First Amendment claims against Defendants Sanchez, Rucker, Maygar, Meza, Buenrostro, Hampton, Owens, Rocha, and Navarro as alleged in Count 2 of both his original and First Amended Complaints which have already survived screening, and which, if he wishes to pursue them, must nevertheless be realleged in his Second Amended Complaint.[4] Any Defendant not named and any claim not realleged in the Second Amended Complaint will be considered waived. *No further objections will be sustained and no additional requests for reconsideration will be granted.* Should Plaintiff's Second Amended Complaint continue to include allegations that fail to state a claim upon which § 1983 relief may be granted, they may be dismissed without further leave to amend.

The Clerk of the Court is further **DIRECTED** to provide Plaintiff with a blank court-

---

[3] Plaintiff requested 180 days to amend, but the Court finds such a lengthy extension is not warranted. His Second Amended Complaint does not require any case citation or legal analysis of the Federal Rules, and does not require him to conduct legal research in the prison's law library. Instead, Plaintiff must simply complete the form complaint provided by the Clerk in his own words and allege facts already known to him that plausibly entitle him to relief in light of the legal precedent identified at length in the Court's June 25, 2020 Order. See *Rosenblum v. Ellis*, No. 1:05-CV-01473-LJO-GSA-PC, 2010 WL 2471148, at *2 (E.D. Cal. June 10, 2010) (advising pro se prisoner that the "lack of access to the law library is not sufficient grounds for a motion for extension of time in which to file an amended complaint."); *id.* ("The amended complaint does not require legal analysis. Plaintiff must simply allege the facts that entitle him to relief, and state the legal cause of action for each claim.").

[4] The Court has previously incorporated allegations raised against Sgt. Rocha and C/O Navarro in Plaintiff's motions and exhibits, (*see* ECF No. 5), and has considered them "as though they were included in his original Complaint." (*See* ECF No. 8 at 11.) He is warned, however, that should he wish to reallege any claims as to these parties, he must name them and include them in his Second Amended Complaint.

approved form Second Amended Civil Rights Complaint pursuant to 42 U.S.C. § 1983 for his use and convenience.

If Plaintiff elects <u>not</u> to amend, he must likewise notify the Court **in writing** on or before **September 28, 2020** that he wishes to proceed only with his Eighth and First Amendment claims against Defendants Sanchez, Rucker, Maygar, Meza, Buenrostro, Hampton, Owens, Rocha, and Navarro as alleged and incorporated in Count 2 of his original Complaint, and as realleged as Count 2 in his First Amended Complaint. Should he chose this latter option, the Court will direct the United States Marshal to effect service of Plaintiff's First Amended Complaint on those parties only pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3), and will dismiss all other parties and insufficiently pleaded claims pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).

**IT IS SO ORDERED**.

**DATED: August 13, 2020**

Hon. Cynthia Bashant
United States District Judge