UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREMAYNE CARROLL, CDCR #H-73384,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>C/O TOELE, et al.,<br><br>　　　　　　　　Defendants. | Case No.: 3:20-cv-00079-BAS-RBM<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO TERMINATE ATTORNEY-CLIENT AGREEMENT (Doc. 35);**<br><br>**(2) GRANTING PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW AS COUNSEL (Doc. 36);**<br><br>**(3) DENYING AS MOOT PLAINTIFF'S JULY 21, 2021 PETITION FOR APPOINTMENT OF COUNSEL (Doc. 40); AND**<br><br>**(4) DENYING AS MOOT PLAINTIFF'S SEPTEMBER 10, 2021 PETITION FOR APPOINTMENT OF COUNSEL (Doc. 44)**<br><br>[Docs. 35, 36, 40, 44] |

## I. INTRODUCTION

Plaintiff Tremayne Carroll ("Plaintiff") filed a motion to terminate attorney-client agreement ("Motion to Terminate"), which was accepted *nunc pro tunc* on July 7, 2021. (Doc. 35.) In Plaintiff's Motion to Terminate, Plaintiff asks the Court to: (1) terminate the attorney-client agreement; (2) order that Plaintiff's counsel produce all case-related documents and video footage to Plaintiff; (3) void any fee-related liens against Plaintiff due to the agreement's alleged illegality; and (4) appoint Plaintiff counsel. (*Id.*)

On July 12, 2021, Plaintiff's counsel, Charles Piccuta ("Counsel"), filed a motion to withdraw as counsel ("Motion to Withdraw"), in which Counsel claims he can no longer continue to represent Plaintiff due to a fundamental breakdown in the attorney-client relationship. (Doc. 36 at 2.)

Plaintiff filed a petition for appointment of counsel ("First Petition"), which was accepted *nunc pro tunc* on July 21, 2021. (Doc. 40.) In Plaintiff's First Petition, Plaintiff asks the Court to: (1) appoint counsel; (2) order that Counsel produce documents and video footage to Plaintiff; and (3) order a billing audit of Counsel's clients over the past twelve months to ensure Plaintiff was not simultaneously billed with other clients. (*Id.* at 2.) Additionally, Plaintiff filed a subsequent petition for appointment of counsel ("Second Petition"), which was accepted *nunc pro tunc* on September 10, 2021. (Doc. 44.) The First and Second Petitions are duplicative as Plaintiff requests appointment of counsel in his underlying Motion to Terminate. The undersigned will analyze Plaintiff's request for appointment of counsel as presented in the Motion to Terminate. Accordingly, the portion of Plaintiff's First and Second Petitions which request appointment of counsel are moot. However, the First Petition also includes a request for an attorney billing audit, which will be analyzed separately below.

For the reasons discussed below, Plaintiff's Motion to Terminate is **GRANTED IN PART** and **DENIED IN PART**. Counsel's Motion to Withdraw is **GRANTED**. Plaintiff's First and Second Petitions for appointment of counsel are **DENIED AS MOOT**.

///

## II. **PROCEDURAL HISTORY**

A. <u>Third Amended Complaint</u>

On March 22, 2021, Plaintiff filed a third amended complaint ("TAC") pursuant to 42 U.S.C. § 1983 for alleged constitutional violations while housed at Richard J. Donovan Correctional Facility ("RJD").[1] (Doc. 27.) Plaintiff alleges a deprivation of his Eighth Amendment right to protection from inhumane conditions of confinement after he was allegedly left handcuffed and unattended in his cell for over two days. (*Id.* at 6, ¶ 30.) Additionally, Plaintiff alleges a deprivation of his First Amendment right against retaliation after reporting alleged sexual misconduct by RJD employees. (*Id.* at 7, ¶¶ 37–44.)

## III. **DISCUSSION**

A. <u>Plaintiff's Motion to Terminate Attorney-Client Agreement and Counsel's Motion to Withdraw</u>

Local Rule 83.3(f) requires that "[a] notice of motion to withdraw as attorney of record must be served on the adverse party and on the moving attorney's client." CivLR 83.3(f)(3)(a). Rule 83.3 also provides that a declaration must be filed pertaining to the service requirement under subsection (a). *See* CivLR 83.3(f)(3)(b). Here, Counsel filed and served the Motion to Withdraw on Defendants and Plaintiff on July 12, 2021, per the proof of service attached to the motion. (Doc. 36 at 4.) Additionally, Counsel filed a declaration in which he attests that he can no longer represent Plaintiff due to a fundamental breakdown in the attorney-client relationship. (*Id.* at 3.) Therefore, the procedural requirements of Rule 83.3(f) are satisfied.

Permission to withdraw is left to the discretion of the Court. *Robinson v. Portelle*, No.: 1:20-cv-1239 DAD JLT, 2021 WL 3761214, at *1 (E.D. Cal. Aug. 25, 2021). Courts consider certain factors when ruling on a motion to withdraw, including: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to

---

[1] Plaintiff is currently housed at Mule Creek State Prison. (Doc. 27 at 2.)

which withdrawal will delay the resolution of the case. *Id.* (citing *Canandaigua Wine Co., Inc. v. Edwin Moldauer*, No.: 1:02-cv-06599 OWW DLB, 2009 WL 89141, at *1 (E.D. Cal. Jan. 14, 2009) ("[t]he decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court.")).

First, the reason why withdrawal is sought is legitimate as both Plaintiff and Counsel wish to terminate the attorney-client relationship due to a fundamental breakdown in the relationship. (Doc. 35 at 1; Doc. 36 at 2.) Plaintiff alleges the attorney-client agreement should be void due to its alleged illegality. (Doc. 35 at 1.) Counsel does not address this issue in his response filed on September 10, 2021, nor in his Motion to Withdraw; however, it is clear Plaintiff and Counsel wish to terminate the representation. (Doc. 42.) Additionally, Defendants have not opposed either motion. Therefore, the request is unopposed.

Second, Defendants' counsel has notice of Counsel's Motion to Withdraw, as Counsel claims defense counsel contacted him on August 17, 2021, to discuss the return or destruction of protected evidence. (*Id.* at 2.) Because all parties are aware of the intent to terminate representation, Defendants will not be prejudiced by withdrawal of Counsel.

As to factors three and four, there is no indication the case will be harmed or delayed by withdrawal of Counsel as there are no pending dispositive motions and the parties are still engaging in discovery pursuant to the scheduling order issued on April 29, 2021.[2] (Doc. 30 at 2–3.) Additionally, the pretrial motions cutoff date has not yet passed.[3] (*Id.*)

In light of the foregoing, the undersigned finds the balance of factors weighs in favor of terminating the attorney-client agreement. Therefore, the Motion to Withdraw is **GRANTED** and the portion of Plaintiff's Motion to Terminate which requests termination of the attorney-client relationship is **GRANTED**.

---

[2] Parties must complete fact discovery by December 29, 2021. (Doc. 30 at 2.)
[3] All motions, other than motions to amend or join parties, or motions *in limine*, must be filed on or before January 31, 2022. (Doc. 30 at 3.)

                *i.*     *Return of Documents and Video Footage*

Plaintiff's Motion to Terminate also requests production of case documents and video footage. (Doc. 35.) Counsel argues this relief is inappropriate pursuant to the protective order issued on May 24, 2021.[4] (Doc. 32.) However, Counsel agrees to destroy all documents produced by Defendants once Counsel is relieved from representation. (Doc. 42 at 2.)

On October 5, 2021, the undersigned issued an order directing Counsel and Defendants to file additional briefing addressing the appropriateness of disclosure of discovery documents to Plaintiff pursuant to the May 24, 2021 protective order. (Doc. 45.) In Counsel's October 12, 2021 response, Counsel claims the protective order does not call for a situation where Plaintiff is without counsel. (Doc. 43 at 3.) Counsel alleges that documents produced in discovery were not properly marked "CONFIDENTIAL" and "CONFIDENTIAL – FOR COUNSEL ONLY." (*Id.*) Defendants' October 13, 2021 briefing also confirms that documents and video footage produced in discovery were not clearly labeled and they request the Court to grant them forty-five (45) days "to label the documents to avoid ambiguity about whether a particular document is confidential or non-confidential." (Doc. 47 at 3.) Although unrelated to the discovery disclosure issue, Defendants also request that this case be referred to mediation. (*Id.* at 4.)

As the May 24, 2021 protective order is written, it does not contemplate a situation where Plaintiff is without counsel. (*See* Doc. 32.) Defendants produced over 6,000 pages of documents and dozens of hours of surveillance footage in response to Plaintiff's Request for Production of Documents, set one. (Doc. 42 at 2.) Considering the extensive discovery produced to date, directing Counsel to destroy discovery would be an impediment to the discovery process.

---

[4] On May 24, 2021, the undersigned issued an order granting the parties' joint motion for protective order with modifications, including a designation of documents being marked as "CONFIDENTIAL" and "CONFIDENTIAL – FOR COUNSEL ONLY." (Doc. 32 at 3–4.)

In the interest of justice and efficiency, Counsel is **<u>DIRECTED</u>** to promptly return all produced documents and video footage to Defendants. Upon receipt, Defendants are **<u>DIRECTED</u>** to review, correctly label which documents and footage are confidential and non-confidential, and produce such items to Plaintiff no later than **<u>December 13, 2021</u>**. Should the parties wish to modify the current protective order to eliminate the "CONFIDENTIAL—FOR COUNSEL ONLY" designation to include pro se litigants, they may do so by way of motion. As to Defendants' request to refer the matter to mediation, the undersigned notes that a mandatory settlement conference ("MSC") is set for January 19, 2022. If the parties desire to mediate the case earlier, the parties may contact chambers to reschedule the MSC.

For the foregoing reasons, the portion of Plaintiff's Motion to Terminate which requests production of documents and video footage from Counsel is **<u>DENIED</u>**.

       *ii.   Liens*

In Plaintiff's Motion to Terminate, he requests that any liens against him be voided. (Doc. 35 at 2.) In Counsel's September 10, 2021 response, Counsel provides he "is not claiming a lien for [ ] time billed and costs incurred" and "will stipulate to not claiming any fees and costs from [Plaintiff]." (Doc. 42 at 2.) Based upon the foregoing stipulation from Counsel, the portion of Plaintiff's Motion to Terminate which requests to void any liens is **<u>DENIED AS MOOT</u>**.

       *iii.   Appointment of Counsel*

The fourth and final request in Plaintiff's Motion to Terminate includes a request for appointment of counsel. (Doc. 35.)

Generally, a person has no right to court-appointed counsel in civil actions. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (finding no abuse of discretion in denying appointment of counsel in a civil rights action) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)). However, under 28 U.S.C. § 1915(e)(1), a court may appoint counsel for indigent civil litigants under "exceptional circumstances." *Palmer*, 560 F.3d at 970 (citing *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), *cert.*

6

3:20-cv-00079-BAS-RBM

*denied sub nom. Gerber v. Agyeman*, 545 U.S. 1128 (2005)). In determining whether "exceptional circumstances" exist, the court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Palmer*, 560 F.3d at 970 (citing *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither of these considerations is dispositive but instead must be viewed together. *Terrell*, 935 F.2d at 1017 (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Only "rarely" will a federal court find a case to be so complex that it is appropriate to appoint counsel for a civil litigant who faces no loss of liberty in the controversy at hand. *See Dotson v. Doctor*, No. 1:14-CV-00093-LJO-SKO (PC), 2014 WL 2208090, at *1 (E.D. Cal. May 27, 2014) ("[c]ounsel is appointed in civil cases only rarely, if exceptional circumstances exist"); *see also United States v. Melluzzo*, No. CV-09-8197-PCT-MHM, 2010 WL 1779644, at **2–3 (D. Ariz. May 3, 2010); *see also Schwartzmiller v. Roberts*, No. 93-1276-FR, 1994 WL 48967, at *2 (D. Or. Feb. 11, 1994). This includes civil rights litigation involving excessive use of force, deliberate indifference to medical care, retaliation, and cruel and unusual punishment claims. *See Thompson v. Burach*, 513 F. App'x 691, 693 (9th Cir. 2013) (upholding denial of appointment of counsel for pro se prisoner where excessive force claim did not demonstrate exceptional circumstances); *see also Goldstein v. Flament*, 167 F. App'x 678, 680–81 (9th Cir. 2006) (upholding denial of appointment of counsel for pro se prisoner where retaliation and Eighth Amendment deliberate indifference to medical needs claims did not demonstrate exceptional circumstances); *see also Miller v. McDaniel*, 124 F. App'x 488, 489-90 (9th Cir. 2005) (upholding denial of appointment of counsel for pro se prisoner where claims involving Fourteenth Amendment right to informational privacy and Eighth Amendment right to be free from cruel and unusual punishment did not demonstrate exceptional circumstances and plaintiff had the ability to articulate his claims pro se).

///

Here, there are currently no "exceptional circumstances" to justify appointment of counsel. Although this case was initially filed in 2020, the TAC was filed on March 22, 2021 and litigation is in its early stages. (Doc. 27.) The parties are still engaging in discovery, and the pretrial motions cutoff date has not yet passed. (Doc. 30 at 2–3.) At this early stage of litigation, it is difficult to determine Plaintiff's likelihood of success on the merits of his claims. As in *Thompson*, *Goldstein*, and *Miller*, Plaintiff's retaliation and cruel and unusual punishment claims are not sufficiently complex to warrant appointment of counsel. *See Thompson*, 513 F. App'x at 693; *see also Goldstein*, 167 F. App'x at 680–81; *see also Miller*, 124 F. App'x at 489–90. Therefore, the undersigned does not find exceptional circumstances exist to justify appointment of counsel at this time. To the extent this case proceeds beyond summary judgment, the Court will be in a better position to make such a determination.

For the foregoing reasons, the portion of Plaintiff's Motion to Terminate which requests appointment of counsel is **DENIED WITHOUT PREJUDICE**.

B. <u>Plaintiff's First Petition as to Billing Audit</u>

In Plaintiff's First Petition, he requests that Counsel provide billing information from all of Counsel's clients over the past twelve (12) months to ensure Plaintiff was not simultaneously billed with other clients. (Doc. 40 at 2.) As set forth in the liens analysis in section A, subsection (ii), *supra*, Counsel is not seeking any fees and costs incurred from Plaintiff. *Supra* p. 6. As such, a billing audit is unnecessary and overly burdensome. Accordingly, the portion of Plaintiff's First Petition which requests a billing audit is **DENIED AS MOOT**.

### IV.   CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED**:

(1) Plaintiff's Motion to Terminate (Doc. 35) is **GRANTED IN PART** and **DENIED IN PART** as follows:

  i. Plaintiff's request for termination of the attorney-client agreement is **GRANTED**.

   ii. Plaintiff's request for discovery documents and video footage from Counsel is **DENIED**. However, Counsel, Charles Piccuta, is **DIRECTED** to promptly return all produced documents and video footage to Defendants. Upon receipt, Defendants are **DIRECTED** to review, label, and produce documents to Plaintiff by **December 13, 2021**.

   iii. Plaintiff's request to void attorney liens is **DENIED AS MOOT**.

   iv. Plaintiff's request for appointment of counsel is **DENIED WITHOUT PREJUDICE**.

(2) Counsel's Motion to Withdraw (Doc. 36) is **GRANTED**.

(3) Plaintiff's First Petition (Doc. 40) and Second Petition (Doc. 44) are **DENIED AS MOOT**.

  **IT IS SO ORDERED.**

DATE: October 28, 2021

           *Ruth Bermudez Montenegro*
           HON. RUTH BERMUDEZ MONTENEGRO
           UNITED STATES MAGISTRATE JUDGE