UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREMAYNE CARROLL, CDCR #H-73384,<br><br>Plaintiff,<br><br>v.<br><br>C/O TOELE, et al.,<br><br>Defendants. | Case No.: 3:20-cv-00079-BAS-RBM<br><br>**ORDER DENYING PLAINTIFF'S PETITION FOR APPOINTMENT OF COUNSEL, PRIVATE INVESTIGATOR, AND EXPERT WITNESSES**<br><br>[Doc. 51] |

## I. INTRODUCTION

Tremayne Carroll ("Plaintiff"), a prisoner proceeding pro se and *in forma pauperis*, filed a petition for appointment of counsel, appointment and funding for a private investigator, and appointment of expert witnesses ("Motion"). (Doc. 51.) The Motion was accepted *nunc pro tunc* to November 15, 2021. (*Id.*) For the reasons discussed below, Plaintiff's Motion is **DENIED WITHOUT PREJUDICE**.

## II. PROCEDURAL HISTORY

### A. Third Amended Complaint

On March 22, 2021, Plaintiff filed a third amended complaint ("TAC") pursuant to 42 U.S.C. § 1983 for alleged constitutional violations while housed at Richard J. Donovan

Correctional Facility ("RJD"). (Doc. 27.) Plaintiff alleges a deprivation of his Eighth Amendment right to protection from inhumane conditions of confinement after he was allegedly left handcuffed and unattended in his cell for over two days. (*Id.* at 6, ¶ 30.) Additionally, Plaintiff alleges a deprivation of his First Amendment right against retaliation after reporting alleged sexual misconduct by RJD employees. (*Id.* at 7, ¶¶ 37–44.)

### B. Prior Petitions for Appointment of Counsel

On October 28, 2021, the undersigned issued an order: (1) granting in part and denying in part Plaintiff's motion to terminate attorney-client agreement; (2) granting Plaintiff's counsel's motion to withdraw; (3) denying as moot Plaintiff's July 21, 2021 petition for appointment of counsel; and (4) denying as moot Plaintiff's September 10, 2021 petition for appointment of counsel. (Docs. 35, 36, 40, 44, 48.) The undersigned addressed Plaintiff's request for appointment of counsel and found no exceptional circumstances to justify appointment of counsel. (Doc. 48 at 8.)

### C. Instant Motion

The instant Motion, accepted *nunc pro tunc* to November 15, 2021, seeks an order appointing counsel, a private investigator, and expert witnesses for Plaintiff. (Doc. 51 at 1.) Plaintiff contends "exceptional circumstances exist as it will be impossible for Plaintiff to view any video footage from discovery, impossible to go thr[ough] 6,000 pages of documents, impossible to locate [and] hire investigators [and] expert witnesses." (*Id.*) Plaintiff does not describe the alleged exceptional circumstances in further detail.

## III. DISCUSSION

### A. Appointment of Counsel

Generally, a person has no right to court-appointed counsel in civil actions. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (finding no abuse of discretion in denying appointment of counsel in a civil rights action) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)). However, under 28 U.S.C. § 1915(e)(1), a court may appoint counsel for indigent civil litigants under "exceptional circumstances." *Palmer*, 560 F.3d at 970 (citing *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), *cert.*

*denied sub nom. Gerber v. Agyeman*, 545 U.S. 1128 (2005)). In determining whether "exceptional circumstances" exist, the court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Palmer*, 560 F.3d at 970 (citing *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither of these considerations is dispositive but instead must be viewed together. *Terrell*, 935 F.2d at 1017 (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Only "rarely" will a federal court find a case to be so complex that it is appropriate to appoint counsel for a civil litigant who faces no loss of liberty in the controversy at hand. *See Dotson v. Doctor*, No. 1:14-CV-00093-LJO-SKO (PC), 2014 WL 2208090, at *1 (E.D. Cal. May 27, 2014) ("[c]ounsel is appointed in civil cases only rarely, if exceptional circumstances exist"); *see also U.S. v. Melluzzo*, No. CV-09-8197-PCT-MHM, 2010 WL 1779644, at **2–3 (D. Ariz. May 3, 2010); *see also Schwartzmiller v. Roberts*, No. 93-1276-FR, 1994 WL 48967, at *2 (D. Or. Feb. 11, 1994). This includes civil rights litigation involving excessive use of force, deliberate indifference to medical care, retaliation, and cruel and unusual punishment claims. *See Thompson v. Burach*, 513 F. App'x 691, 693 (9th Cir. 2013) (upholding denial of appointment of counsel for pro se prisoner where excessive force claim did not demonstrate exceptional circumstances); *see also Goldstein v. Flament*, 167 F. App'x 678, 680–81 (9th Cir. 2006) (upholding denial of appointment of counsel for pro se prisoner where retaliation and Eighth Amendment deliberate indifference to medical needs claims did not demonstrate exceptional circumstances); *see also Miller v. McDaniel*, 124 F. App'x 488, 489–90 (9th Cir. 2005) (upholding denial of appointment of counsel for pro se prisoner where claims involving Fourteenth Amendment right to informational privacy and Eighth Amendment right to be free from cruel and unusual punishment did not demonstrate exceptional circumstances and plaintiff had the ability to articulate his claims pro se).

///

3

3:20-cv-00079-BAS-RBM

Here, there are currently no "exceptional circumstances" to justify appointment of counsel. Although this case was initially filed in 2020, the TAC was filed on March 22, 2021 and litigation is in its early stages. (Doc. 27.) The parties are still engaging in discovery, and the pretrial motions cutoff date has not yet passed.[1] (Doc. 30 at 2–3.) At this stage of litigation, it is difficult to determine Plaintiff's likelihood of success on the merits of his claims. As in *Thompson*, *Goldstein*, and *Miller*, Plaintiff's retaliation and cruel and unusual punishment claims are not sufficiently complex to warrant appointment of counsel. *See Thompson*, 513 F. App'x at 693; *see also Goldstein*, 167 F. App'x at 680–81; *see also Miller*, 124 F. App'x at 489–90. The undersigned understands Plaintiff's eagerness for appointment of counsel as shown through Plaintiff's multiple petitions; however, the undersigned does not find exceptional circumstances exist to justify appointment of counsel at this time. To the extent this case proceeds beyond summary judgment, the Court will be in a better position to make such a determination.

For the foregoing reasons, Plaintiff's Motion as to the request for appointment of counsel is **DENIED WITHOUT PREJUDICE**.

B. <u>Appointment of Private Investigator</u>

Section 1915 of title 28, authorizes federal courts to permit commencement of a suit without prepayment of fees and costs upon a showing of indigency and allows indigents who are unable to pay the entire filing fee upon filing to pay in installments. *See* 28 U.S.C. § 1915(a) & (b). However, section 1915 does not authorize or require federal courts to finance or subsidize a civil action or appeal by paying expert fees or other costs. *Hadsell v. Comm'r of IRS*, 107 F.3d 750, 752 (9th Cir. 1997); *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993). The expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress. *See U.S. v. MacCollom*, 426 U.S. 317, 321 (1976); *Tedder v. Odel*, 890 F.2d 210, 211 (9th Cir. 1989).

---

[1] All motions, other than motions to amend or join parties, or motions *in limine*, shall be filed on or before **January 31, 2022**. (Doc. 30 at 3.)

Plaintiff has not shown any Congressional authority for the undersigned to appoint and pay for a private investigator for Plaintiff. *See Gaines v. Harbert*, No. 07cv1320-J(CAB), 2009 WL 1481327, at *1 (S.D. Cal. May 27, 2009) (denying pro se prisoner's motion for appointment of investigator as Section 1915 does not require federal courts to pay expert fees or other costs); *Khademi v. South Placer Co. Jail*, No. 2:21-cv-1498 KJM DB P, at *1 (E.D. Cal. Oct. 18, 2021) ("the court is aware of no authority permitting it to provide plaintiff [a state prisoner proceeding pro se] an investigator.").

Accordingly, Plaintiff's Motion as to the request for appointment of private investigator is **DENIED WITHOUT PREJUDICE**.

### C. Appointment of Expert Witnesses

An expert witness may testify to help the trier of fact understand the evidence or determine a fact in issue. FED. R. EVID. 702. Under Rule 706(a), the Court may on its own motion or on the motion of another party, appoint an expert witness. FED. R. EVID. 706(a) The decision whether to appoint a neutral expert is discretionary. *See Claiborne v. Blauser*, 934 F.3d 885, 889 (9th Cir. 2019) (citing *McKinney v. Anderson*, 924 F.2d 1500, 1511 (9th Cir. 1991) (court held district court had discretion to appoint an expert witness in prisoner civil rights case with complex scientific evidence)). Appointment of an expert witness may be appropriate when "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or decide a fact in issue . . . ." *Torbert v. Gore*, No. 14CV2911-BEN-NLS, 2016 WL 3460262, at *2 (S.D. Cal. June 2016); *see also Armstrong v. Brown*, 768 F.3d 975, 987 (9th Cir. 2014) ("[a] Rule 706 expert typically acts as an advisor to the court on complex scientific, medical, or technical matters.").

Before appointing an expert witness under Rule 706, the Court must consider several substantive factors. The Court must analyze: (1) whether expert testimony is necessary or significantly useful for the trier of fact to comprehend a material issue in a case; (2) whether the moving party has produced some evidence, admissible or otherwise, that demonstrates a serious dispute that could be resolved or understood through expert testimony; (3) whether certain circumstances or conditions of a party limit the effectiveness of the

adversary process to result in accurate fact finding; and (4) whether the legal basis of plaintiff's claims entitles him to special consideration by the Court. *Gorton v. Todd*, 793 F.Supp.2d 1171, 1185 (E.D. Cal. June 29, 2011) (court found the decision to appoint a neutral expert witness is discretionary; however, a magistrate judge is required to provide a reasoned explanation for denial of prisoner's motion for appointment of neutral expert).

Here, Plaintiff fails to explain how an expert witness would assist a trier of fact understand evidence or determine a fact in issue in the case. Additionally, the final pretrial conference and trial are scheduled to take place on June 6, 2022 and August 2, 2022 (Doc. 30 at 5), therefore, there is currently no pending matter where the Court would require the assistance of an expert witness.

Moreover, Plaintiff fails to explain whether he seeks a neutral expert or an advocate. However, it appears Plaintiff seeks an expert to support Plaintiff's case, therefore, appointing an expert witness to assist Plaintiff would be an improper use of Rule 706(a). *Dillingham v. Garcia*, No. 1:18-cv-00579-NONE-EPG (PC), 2020 WL 2770075, at *2 (E.D. Cal. May 28, 2020) (denying request for appointment of counsel where it appeared plaintiff did not request a neutral witness) (citing *Faletogo v. Moya*, No. 12cv631 GPC (WMC), 2013 WL 524037, at *2 (S.D. Cal. Feb. 12, 2013) (Rule 706(a) "does not contemplate court appointment and compensation of an expert witness as an advocate for one of the parties.")). Additionally, Plaintiff fails to explain whether certain conditions limit the effectiveness of the adversary process and fails to provide a legal basis for special consideration by the Court. Because Plaintiff fails to explain whether expert testimony is necessary for a trier of fact to comprehend a material issue in Plaintiff's case and fails to demonstrate production of evidence that could only be resolved through expert testimony, appointment of expert witnesses is improper at this time.

Accordingly, Plaintiff's Motion as to the request for appointment of expert witnesses is **DENIED WITHOUT PREJUDICE**.

/ / /

/ / /

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's petition for appointment of counsel, private investigator, and expert witnesses is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

DATE: December 3, 2021

*/s/ Ruth Bermudez Montenegro*

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES MAGISTRATE JUDGE