UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREMAYNE CARROLL, CDCR #H-73384,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>C/O TOELE, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:20-cv-00079-BAS-RBM<br><br>**ORDER:**<br><br>**(1) DENYING DEFENDANT'S MOTION TO STAY DISCOVERY AND MODIFY SCHEDULING ORDER; AND**<br><br>**(2) SUA SPONTE GRANTING CONTINUANCE OF TIME**<br><br>**[Doc. 53]** |

On December 6, 2021, Defendant Toele ("Defendant") filed an ex parte motion to stay discovery, modify scheduling order, and schedule status conference if parties are unable to settle ("Motion"). (Doc. 53.) Defendant requests the Court stay discovery pending the outcome of the January 19, 2022 mandatory settlement conference as Plaintiff allegedly refuses to cooperate with Defendant's attempts to depose Plaintiff. (*Id.* at 1.) Defendant also "moves the Court to vacate all deadlines and hearing dates except for the June 28, 2021 deadline to join other parties . . . the January 7, 2022 settlement conference statement submission deadline; and the January 19, 2022 settlement conference." (*Id.* at

2.) Defendants claim good cause exists to modify the scheduling order because "[t]his case has . . . been at a standstill as a result of the breakdown in Plaintiff's relationship with her former counsel." (*Id.*) On December 17, 2021, *nunc pro tunc*, Plaintiff filed a response wherein Plaintiff objects to vacating the scheduling order deadlines and makes an untimely request for an extension of the June 28, 2021 deadline to join other parties. (Doc. 55 at 1.)

The undersigned's April 29, 2021 scheduling order set the fact discovery deadline on **December 29, 2021**, pretrial motions cutoff on **January 31, 2022**, final pretrial conference on **June 6, 2022**, and trial to begin on **August 2, 2022**. (Doc. 30 at 3–5.)

A scheduling order may be modified only upon a showing of good cause and with the judge's consent. FED. R. CIV. P. 16(b)(4); *see, e.g., Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (stating, "the focus of [the good cause] inquiry is upon the moving party's reasons for seeking modification.").

As to the request to stay discovery and vacate all remaining deadlines and hearing dates, the Motion is **DENIED**. Although the parties are interested in attempting settlement before resolving discovery disputes, staying and/or vacating the scheduling order is unnecessary. However, the undersigned *sua sponte* continues all dates as follows:

1. Counsel shall refer to the Standing Order for Civil Cases for the Honorable Cynthia Bashant, which is accessible via the Court's website at www.casd.uscourts.gov.

2. Plaintiff(s) (or the party(ies) having the burden of proof on any claim) shall serve on all parties a list of experts whom that party expects to call at trial on or before **December 28, 2021**. Defendant(s) (or the party(ies) defending any claim, counterclaim, crossclaim, or third party claim) shall serve on all parties a list of experts whom that party expects to call at trial on or before **December 28, 2021**. On or before **January 28, 2022**, any party may supplement its designation in response to any other party's designation, so long as that party has not previously retained an expert to testify on that subject. Expert designations shall include the name, address, and telephone number of each expert, and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence. This requirement is not limited to retained experts.

**Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

3. All expert disclosures required by Fed. R. Civ. P. 26(a)(2) shall be served on all parties on or before **December 28, 2021**. Any contradictory or rebuttal information shall be disclosed on or before **January 28, 2022**. In addition, Fed. R. Civ. P. 26(e)(1) imposes a duty on the parties to supplement the expert disclosures made pursuant to Fed. R. Civ. P. 26(a)(2)(B) by the time that pretrial disclosures are due under Fed. R. Civ. P. 26(a)(3) (discussed below). This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony.

**Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

4. All fact discovery shall be completed by all parties by **February 28, 2022**. All expert discovery shall be completed by all parties by **February 28, 2022**. "Completed" means that all discovery under Rules 30–36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a).** The Court expects counsel to make every effort to resolve all disputes without court intervention through the

meet and confer process. If the parties reach an impasse on any discovery issue, counsel shall file an appropriate motion within the time limit and procedures outlined in the undersigned magistrate judge's chambers rules. **A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.**

5. All motions, other than motions to amend or join parties, or motions *in limine*, shall be filed on or before **April 1, 2022**. Motions will not be heard or calendared unless counsel for the moving party has obtained a motion hearing date from the law clerk of the judge who will hear the motion. **Be advised that the period of time between the date you request a motion date and the hearing date may be up to sixty (60) days. Please plan accordingly**. Failure of counsel to timely request a motion date may result in the motion not being heard.

Any *Daubert* motions shall be filed along with motions for summary judgment unless no motions for summary judgment will be filed, in which case the parties may file *Daubert* motions along with motions *in limine*.

Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of the judge who will hear the motion. No reply memorandum shall exceed ten (10) pages without such leave of court.

6. Pursuant to Local Rule 7.1.f.3.c, **if an opposing party fails to file opposition papers in the time and manner required by Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the Court.** Accordingly, all parties are ordered to abide by the terms of Local Rule 7.1.e.2 or otherwise face the prospect of any pretrial motion being granted as an unopposed motion pursuant to Local Rule 7.1.f.3.c.

7. A Mandatory Settlement Conference shall be conducted on **January 19, 2022** at **9:30 a.m.** in the chambers of **Magistrate Judge Ruth Bermudez Montenegro, United States Courthouse, 2003 W. Adams., El Centro, CA 92243**. The parties are to appear telephonically. Chambers will provide the parties with telephonic dial-in information via

email. Counsel or any party representing himself or herself shall lodge confidential settlement briefs directly to chambers by **January 7, 2022**. All parties are ordered to read and to fully comply with the Chamber Rules of the assigned magistrate judge.

8. If Plaintiff is incarcerated in a penal institution or other facility, the Plaintiff's presence is not required at conferences before **Magistrate Judge Ruth Bermudez Montenegro, United States Courthouse, 2003 W. Adams., El Centro, CA 92243**, and the Plaintiff may appear by telephone. In that case, defense counsel is to coordinate the Plaintiff's appearance by telephone.

9. The parties must comply with the pretrial disclosure requirements of Fed. R. Civ. P. 26(a)(3) no later than **July 1, 2022**. **Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

10. In jury trial cases before the Honorable Cynthia Bashant, neither party is required to file Memoranda of Contentions of Fact and Law pursuant to Civil Local Rule 16.1.f.2.

11. Counsel shall confer and take the action required by Local Rule 16.1.f.4.a on or before **July 8, 2022**.

12. Counsel for the Plaintiff(s) must provide opposing counsel with the proposed pretrial order for review and approval and take any other action required by Local Rule 16.1.f.6.a on or before **July 15, 2022**.

13. The proposed pretrial order shall be lodged with the district judge's chambers on or before **July 22, 2022**, and shall be in the form prescribed in Local Rule 16.1.f.6.

14. The final Pretrial Conference is scheduled on the calendar of the **Honorable Cynthia Bashant** for Monday, **August 8, 2022** at **11:00 a.m.**

15. All motions *in limine* are due no later than **August 19, 2022**.

16. All responses to the motions *in limine* are due no later than **September 6, 2022**.

17. The parties shall submit the following no later than **September 6, 2022**: (1) joint proposed jury instructions; (2) proposed verdict form; (3) *voir dire* questions; and (4) statement of the case.

18. The parties shall exchange final exhibit and witness lists no later than **September 26, 2022**.

19. A hearing for motions *in limine* is scheduled for Monday, **September 26, 2022** at **10:30 a.m.**

20. The trial in this matter shall commence on Tuesday, **October 4, 2022** at **9:00 a.m.**

21. The dates and times set forth herein will not be modified except for good cause shown.

22. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

DATE: December 22, 2021

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES MAGISTRATE JUDGE